UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Justin L. Richardson, | Case No.: |
| Plaintiff, | **COMPLAINT and** |
| v. | **JURY DEMAND** |
| BPL Plasma, Inc., | |
| Defendant. | |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Justin L. Richardson, by and through his counsel THIBODEAU, JOHNSON & FERIANCEK, PLLC, and for his Complaint states as follows:

### INTRODUCTION

1. Plaintiff Justin L. Richardson brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981a, to remedy acts of employment discrimination, a hostile work environment and retaliation perpetrated against him by his former employer BPL Plasma, Inc. (hereafter "BPL"). Plaintiff contends that BPL discriminated against him because of his race (African-American), promoted and tolerated a hostile work environment, and retaliated against him for having complained about the racially charged environment at BPL, to include, an atmosphere that tolerated racial jokes, as well as the unequal treatment of African American employees and clients. As a result of BPL's improper actions, to include BPL's wrongful termination of Plaintiff, Plaintiff has suffered damages in excess of $75,000.00.

1

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

## VENUE

3. Venue is proper in this judicial district as Plaintiff was employed by BPL in its office in Duluth, MN, which is also the location where the alleged wrongful acts were committed.

## PARTIES

4. Plaintiff is an African-American male, who is a citizen of the United States and a resident of the State Wisconsin. At all times relevant to this suit, until his termination in April 2018, Plaintiff was employed with BPL at its office located in Duluth, Minnesota.

5. Defendant BPL, and at all times relevant hereto, is a corporation organized and existing under the laws of the state of Delaware, with its headquarters and principal place of business in Austin, Texas. BPL, at all times relevant hereto, is authorized to transact business and has transacted business in the state of Minnesota, having a registered agent in Minnesota (Corporation Service Company – 2345 Rice Street, Suite 230, Roseville, MN 55113).

## STATEMENT OF FACTS

6. Plaintiff began working for BPL (at its office in Duluth, MN) on October 1, 2017, after being recruited by BPL to manage its Duluth office.

7. Immediately after Plaintiff began working at BPL's Duluth office, he, as the only African American employee at the office (in an office of approximately 20 employees), noticed a racist culture that tolerated racial jokes/comments, and that also treated African American clients/donors in a manner inconsistent with white clients/donors. Plaintiff observed an

environment where African American clients/donors were referred to as loud and ghetto, and where African American clients/donors were not allowed to donate plasma/were removed from the premises if they got into a dispute whereas white clients/donors that got into a dispute were allowed to donate plasma/were not removed from the premises.

8. When Plaintiff made note of his observations to his all white staff and reminded the staff that they need to treat all clients/donors equally, the staff ignored his suggestions and was likewise annoyed at Plaintiff for not going with the flow of BPL's existent culture, even making racist comments to Plaintiff about his hair and other physical characteristics.

9. When Plaintiff informed BPL's Human Resources Department ("HR") and upper management about BPL employees' discriminatory comments/treatment, as well as the employees' insubordination regarding Plaintiff's attempts to have the employees stop their discriminatory ways, HR and upper management ignored Plaintiff's comments, and it is believed that his complaints were not even documented by HR/upper management.

10. Instead of doing something about the complained of improper and racist culture, BPL immediately began to look for reasons to terminate Plaintiff.

11. BPL, who had a history wherein it would consistently sign off that managers completed various trainings (when they didn't complete them) and never had previously disciplined any managers for failing to timely complete all trainings, began documenting training concerns that it had with Plaintiff, providing that Plaintiff needed to complete his training by an expressed date.

12. When Plaintiff asked BPL to provide a training coordinator and/or be sent to another office to assist with completing certain training that was not offered at BPL's Duluth office, Plaintiff's requests were either ignored or denied. Despite the fact that BPL denied

Plaintiff's request for a training assistant, a medical supervisor was brought in to provide a different employee with training support.

13. Without giving Plaintiff an opportunity to finish his training, and without any prior progressive discipline regarding the same or any offers to move Plaintiff to another position, BPL terminated Plaintiff on April 20, 2018 for the stated pre-textual reason of not completing "the required training in the allotted time frame."

14. As a result of BPL's actions, Plaintiff has incurred damages in excess of $75,000.00, to include significant wage loss, emotional distress, and other incurred costs and expenses.

### Count One - Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.

15. Plaintiff re-alleges and re-incorporates each and every Paragraph of this Complaint.

16. BPL's conduct, as previously alleged at greater length herein, constitutes discrimination based on race in violation of Title VII. The stated reasons for BPL's conduct were not the true reasons, but instead were pretext to hide BPL's discriminatory animus.

17. As a result of BPL's discriminatory conduct, Plaintiff has incurred damages in excess of $75,000.00, to include significant wage loss, emotional distress, and other incurred costs and expenses.

### Count Two - Reprisal for Engaging in Protected Activities

18. Plaintiff re-alleges and re-incorporates each and every Paragraph of this Complaint.

19. BPL's conduct, as previously alleged at greater length herein, constitutes retaliation against Plaintiff because he engaged in activities protected by Title VII. The stated reasons for BPL's conduct were not the true reasons, but instead were pretext to hide BPL's retaliatory animus.

20. As a result of BPL's retaliatory conduct, Plaintiff has incurred damages in excess of $75,000.00, to include significant wage loss, emotional distress, and other incurred costs and expenses.

### Count Three - Hostile and Abusive Working Environment

21. Plaintiff re-alleges and re-incorporates each and every Paragraph of this Complaint.

22. BPL's conduct, as previously alleged at greater length herein, constitutes a hostile and abusive working environment in violation of Title VII. The stated reasons for BPL's conduct were not the true reasons, but instead were pretext to hide BPL's discriminatory animus.

23. As a result of the hostile and abusive working environment created by BPL, Plaintiff has incurred damages in excess of $75,000.00, to include significant wage loss, emotional distress, and other incurred costs and expenses.

### Exhaustion of Federal Administrative Remedies

24. Plaintiff filed a charge (No. 444-2018-01140) with the Equal Employment Opportunity Commission ("EEOC") regarding BPL's aforementioned alleged improper conduct on or about July 30, 2018.

25. The EEOC issued a Notice of Right to Sue letter, which I received on or about May 17, 2019, a true and correct copy of which is attached to this Complaint as Exhibit A.

### Prayer for Relief

WHEREFORE, Plaintiff requests that the court award him:

A. Compensatory damages in excess of $75,000.00 for lost wages and benefits (back pay and front pay), emotional distress, and other incurred costs and expenses suffered as a result of BPL's improper discriminatory and retaliatory conduct;

B. Punitive and treble damages;

C. Statutory costs and reasonably incurred attorneys' fees incurred with this lawsuit with interest thereon;

D. Pre and Post-Judgment Interest; and

E. Other damages and relief as deemed just.

## Jury Demand

Plaintiff hereby demands a jury trial as to all triable issues.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: June 3, 2019          **THIBODEAU, JOHNSON & FERIANCEK, PLLP**

/s/ Peter J. Raukar

Peter J. Raukar - #0342968
800 Lonsdale Building
302 West Superior Street
Duluth, MN 55802
218-722-0073
pjr@trialgroupnorth.com

*Attorneys for Plaintiff Justin Richardson*